# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 7, 2008

134526

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

JACQUELINE MANESS,
                Plaintiff-Appellant,

v

CARLETON PHARMACY, L.L.C.,
d/b/a SAV-MOR PHARMACY,
                Defendant,

and

KRYSTAL KLEEN CLEANING
COMPANY and VICKIE ASHER,
                Defendants-Appellees.

_____/

SC:  134526
COA:  271976
Monroe CC:  05-020422-NO

      On order of the Court, the application for leave to appeal the May 31, 2007 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we VACATE that part of the Court of Appeals judgment holding that Krystal Kleen Cleaning Company and Vickie Asher's motion for summary disposition should be granted, and REINSTATE the July 7, 2006 order of the Monroe Circuit Court denying Krystal Kleen and Asher's motion for summary disposition. Although the Court of Appeals correctly determined that Krystal Kleen and Asher are not entitled to summary disposition on the basis of the open and obvious doctrine, the panel erred in holding that these defendants are entitled to summary disposition on other grounds. Whether the plaintiff established a genuine issue of material fact regarding her ordinary negligence claim against Krystal Kleen and Asher was neither raised by Krystal Kleen and Asher in their motion for summary disposition regarding the applicability of the open and obvious doctrine, nor considered by the trial court. We REMAND this case to the Monroe Circuit Court for further proceedings not inconsistent with this order.

      MARKMAN, J., dissents and states as follows:

I would deny leave to appeal. A surveillance video shows clearly that plaintiff was walking directly toward a "wet floor" sign but was looking in another direction when she fell. The Court of Appeals reversed the trial court's order denying summary disposition to defendant Carleton Pharmacy, holding that the wet floor constituted an "open and obvious" condition, plaintiff's distraction did not nullify the "open and obvious" nature of the condition, and there was no "special aspect" that would render the condition unreasonably dangerous. The Court of Appeals did not believe that the "open and obvious" doctrine also applied to defendant contractors Krystal Kleen and Vickie Asher, but held that summary disposition should have been granted to these parties under a general negligence standard.

I agree with the Court of Appeals. Although the parties may not have fully briefed the issue of general negligence, this was a general negligence case from the start, and the Court of Appeals did not err in finding that, as a matter of law, Krystal Kleen and Asher did not breach their duty to plaintiff. The determination by the Court of Appeals that the "wet floor" sign made the condition of the floor "open and obvious" for Carleton Pharmacy's purposes necessarily demonstrates that Krystal Kleen and Asher performed their duty to warn of the condition. Therefore, this issue has effectively been decided, and further factual development is unnecessary. All parties have been deposed, and a video clearly shows the details of the incident. It is a waste of legal and judicial resources to remand under these circumstances. There is simply no remaining genuine issue of material fact.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 7, 2008

_Corbin R. Davis_
Clerk

s0304